United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE RIDGE BANK, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-04619 SI<br><br>**ORDER GRANTING DEFENDANT INTERSECTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT** |

On July 29, 2005, the Court heard oral argument on defendant Intersections, Inc.'s motion for summary judgment and plaintiff Richard Howard's request for leave to amend his Amended Complaint. Having carefully considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motion for summary judgment and DENIES the request for leave to amend.

**BACKGROUND**

This case arises out of plaintiff's displeasure with credit reports issued by defendants Equifax, Experian, Intersections, and Trans Union ("credit agency defendants") over the last two years. The complaint alleges that defendants have prepared and issued consumer credit reports regarding plaintiff that contain allegedly "derogatory and inaccurate information." Am. Compl. ¶ 11. This information was furnished to the credit agency defendants by defendants Wells Fargo Financial Acceptance ("Wells Fargo"), Credit Protection Association, and Blue Ridge Bank ("BRB") (collectively "furnisher defendants"). Id. at ¶¶ 10-11. According to plaintiff, he notified defendants about the inaccuracy of the information, but defendants have continued to report inaccurate information. Id. at ¶ 12.

In his Amended Complaint, plaintiff alleges that defendant Intersections, Inc. is a "consumer

reporting agency" as defined by the federal Fair Credit Reporting Act ("FCRA"), and names Intersections as a defendant in the First Claim for Relief (negligent noncompliance with the FCRA) and Second Claim for Relief (willful noncompliance with the FCRA).

Now before the Court is a motion by defendant Intersections, Inc. to dismiss plaintiff's claims against it.[1]

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. See T.W. Electric, 809 F.2d at 630-31 (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986)); Ting v. United States, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Falls Riverway Realty, Inc. v. City of Niagara Falls, 754 F.2d

---

[1] In his Fifth Claim for Relief, plaintiff also states a claim against Intersections under Cal. Bus. & Profs. Code § 17200, premised on Intersections' alleged violations of the FCRA. Although neither party briefs this supplemental claim, it must necessarily be dismissed if the predicate federal claims are dismissed.

49 (2d Cir. 1985); Thornhill Publ'g Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Hearsay statements found in affidavits are inadmissible. See, e.g., Fong v. American Airlines, Inc., 626 F.2d 759, 762-63 (9th Cir. 1980).

## DISCUSSION

**1. Defendant's motion for summary judgment**

Defendant Intersections, Inc. brings its motion for summary judgment on the grounds that it is not a "consumer reporting agency" within the definition of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). According to the FCRA, "[t]he term 'consumer reporting agency' means any person which, for monetary fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Defendant argues that it is not a consumer reporting agency because it does not assemble or evaluate consumer credit information "for the purpose of furnishing consumer reports to *third parties*," as required by the statute. 15 U.S.C. § 1681a(f) (emphasis added). Defendant asserts that it provides credit monitoring and identity theft services but that it "never furnisher] [its reports] to third parties," by which it means parties other than the consumer who is the subject of the report. Debs.' Br. at 3.

Plaintiff does not dispute the fact that defendant furnishes its reports only to consumers about their own credit. Instead, he argues that the FCA's "third party requirement" includes defendant's furnishing to consumers reports about themselves. Plaintiff reasons that "third party" must include distributions to consumers of their own credit reports, because otherwise an acknowledged credit reporting agency could exempt itself from FCRA requirements by giving a consumer his or her credit report.

Plaintiff's argument is not supported by the plain language of the statute. The definition of "consumer reporting agency" refers to the general purpose for generating the reports, not the specific use to which each report is put. Thus, those entities which gather and analyze credit information for the purpose of distributing it to third parties are credit reporting agencies, even if they also distribute the

3

information to the consumers themselves. By contrast, this defendant never gives such information to third parties. Indeed, the Court can imagine no reasonable construction in which a consumer would be considered a "third party" for the purposes of distributing credit reports about himself or herself. Plaintiff concedes as much when he admits that the two parties contemplated by the FCRA are "actual or potential creditors and a consumer." Pl.'s Br. at 5. Similarly, an agency that gathers credit information from each of its members about transactions between each member and individual consumers and then provides the information about consumers to other members is a "consumer reporting agency" under the FCRA because the other members are third parties. See Greenway v. Information Dynamics, Ltd., 399 F. Supp. 1092 (D. Ariz. 1974), aff'd by 524 F.2d 1145 (9th Cir. 1975). In the present case, no such third party is involved.

Plaintiff also contends that because defendant provides "consumer reports," it must be a "consumer reporting agency." According to the Federal Trade Commission, the agency empowered to enforce the FCRA, these terms are "mutually dependent and must therefore be construed together." 16 C.F.R. pt. 600. However, even if the report issued by defendant is a "consumer report,"[2] the definition of "consumer reporting agency" requires that such reports be produced *with the purpose of furnishing them to third parties*. Notably, the FTC has specifically identified Intersections as a company that distributes credit information but is not a "consumer reporting agency." See "Fair and Reasonable Fee for Credit Score Disclosure," 69 Fed. Reg. 64698, 64699, n.6 (Nov. 8, 2004). Thus, the Court finds this argument unpersuasive.

Plaintiff finally asserts that excluding defendant from the definition of a "credit reporting agency" would negate the protections afforded consumers by the statutory scheme. The short answer to this argument is that the legislature already made this policy choice in the statutory definitions it provided. In any event, if plaintiff's policy argument were accepted and this defendant were treated as a "consumer reporting agency," this defendant would be subjected to additional requirements, such as providing mechanisms for consumers to dispute items on their credit reports, with which defendant could not comply because it has not assembled or analyzed the underlying credit report.

---

[2] As such a determination is unnecessary in this case, the Court does not reach this question.

4

The Court GRANTS defendant's motion for summary judgment.

**2.     Plaintiff's request for leave to amend**

In his Opposition, plaintiff requests leave to amend his complaint to allege that defendant breached its duty as a "credit monitor." As plaintiff has asserted no legal basis for this claim, and the FCRA contains no definition of a "credit monitor," such amendment would futile. Even under the liberal standard for leave to amend on a motion to dismiss, leave to amend is inappropriate where amendment would be futile. See Reddy v. Litton Indus., 912 F.2d 291, 296 (9th Cir. 1990); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

The Court DENIES plaintiff's request for leave to amend.

**3.     Defendant's evidentiary objections**

Because the Court's findings do not require review of plaintiff's evidence, the Court does not reach defendant's evidentiary objections.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion for summary judgment and DENIES plaintiff's request for leave to amend. [Docket #55.]

**IT IS SO ORDERED.**

Dated: July 29, 2005

    /s/ Susan Illston
SUSAN ILLSTON
United States District Judge

5